## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MARYLAND

**PEGGY YOUNG**

         **Plaintiff**

   **vs.**

                                   **Civil Action No. DKC 08 CV 2586**

**UNITED PARCEL SERVICE INC.**

         **Defendant**

## DEFENDANT UNITED PARCEL SERVICE, INC.'S SECOND SUPPLEMENTAL RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Pursuant to Federal Rule of Civil Procedure 33(b), Defendant, United Parcel Service, Inc. ("UPS" or "Defendant"), by its undersigned counsel, hereby submits this Second Supplemental Response to Plaintiff's First Set of Interrogatories and states as follows:

### INTRODUCTION

UPS's Second Supplemental Response To Plaintiff's First Set of Interrogatories is made in accordance with the applicable Federal Rules of Civil Procedure. In the event that any portion of the instructions and definitions contained in Plaintiff's First Set of Interrogatories conflicts with the applicable federal rules, or attempts to impose requirements beyond those imposed by the applicable federal rules, the applicable federal rules and their requirements shall prevail. Defendant's Second Supplemental Response To Plaintiff's First Set of Interrogatories includes herein only the responses it is providing to Plaintiff's First Set of Interrogatories. All other responses provided to Plaintiff's First Set of Interrogatories, Plaintiff's Second Set of



EXHIBIT

7

Interrogatories, and Plaintiff's Third Set of Interrogatories remain unchanged and as previously provided.

## GENERAL OBJECTIONS AND CONDITIONS

The previous General Objections and Conditions included in Defendant's Response to Plaintiff's First Set of Interrogatories are incorporated by reference into the following Supplemental Response, which is made subject to, and without waiving, such General Objections, as well as the specific objections stated below.

## SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

**Interrogatory No. 6:** Identify the persons that UPS has employed at the worksite where Plaintiff worked from January 1, 2006, through December 31, 2007, including in your answer the race and job title of each person, and whether that person has ever taken leave from UPS related to pregnancy and/or childbirth.

**Response to Interrogatory No. 6:** Defendant objects to Interrogatory No. 6 on the ground that it is vague and inscrutable in that it is unclear what Plaintiff means by "worksite." Defendant also objects because the Interrogatory is overly broad, seeks irrelevant information and is unduly burdensome. There is no conceivable relevance to the name and address of every person who ever worked for UPS at any time over a two-year period, and the Interrogatory is clearly posed for the purposes of harassing UPS, and not for any legitimate purpose. Defendant further objects to Interrogatory No. 6 to the extent that it seeks private and confidential information regarding employees who are not a party to this lawsuit.

Subject to and without waiving the foregoing objections, Defendant provides the following information concerning the 1,625 Full Time and Part Time Drivers employed by Defendant in its Metro DC District from January 1, 2006 through December 31, 2007:

(1) Black: 720 drivers (44.31%)

(2) Other: 129 drivers (7.94%)

(3) White: 776 drivers (47.75%)

As to the Responses:

## VERIFICATION

I, Frankie McDonnell, hereby declare, under penalty of perjury, that I am the District Employee Relations Manager of United Parcel Service, Inc. and that I sign the foregoing Defendant United Parcel Service, Inc.'s Second Supplemental Response to Plaintiff's First Set of Interrogatories for and on behalf of United Parcel Service, Inc., and that I am duly authorized to do so; that all of the matters stated above are not within my personal knowledge and that I have been informed that there is no single officer or employee of United Parcel Service, Inc. who has personal knowledge of all such matters; that the facts stated above have been assembled by counsel for United Parcel Service, Inc., and that to the best of my knowledge, the facts stated in the foregoing Supplemental Response are true and represent the best information available at the time that the Supplemental Response was prepared.

*Frankie McDonnell*

As to objections:

Emmett F. McGee, Jr.  (Federal Bar No. 08462)
Jill S. Distler (Federal Bar No. 26166)
Eric L. Sherbine (Federal Bar No. 28570)

DLA PIPER LLP (US)
6225 Smith Avenue
Baltimore, Maryland  21209-3600
*phone*  (410) 580-3000
*facsimile*  (410) 580-3001

*Attorneys for Defendant, United Parcel Service, Inc.*

Dated:  March 5, 2009

5

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 5th day of March, 2009, a copy of the foregoing Defendant United Parcel Service, Inc.'s Second Supplemental Response to Plaintiff's First Set of Interrogatories was sent via United States Mail, first-class, postage prepaid, to:

>Sharon Fast Gustafson, Esquire
>4041 North 21st Street
>Arlington, VA  22207-3040
>
>*Counsel for Plaintiff, Peggy Young*
>
>_____
>Eric L. Sherbine
>*Counsel for Defendant, United Parcel Service, Inc.*

6

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

PEGGY YOUNG

        **Plaintiff**

vs.

       **Civil Action No. DKC 08 CV 2586**

UNITED PARCEL SERVICE INC.

        **Defendant**

## DEFENDANT UNITED PARCEL SERVICE, INC.'S RESPONSES
## TO PLAINTIFF'S SECOND SET OF INTERROGATORIES

Pursuant to Federal Rule of Civil Procedure 33(b), Defendant, United Parcel Service, Inc. ("UPS" or "Defendant"), by its undersigned counsel, hereby responds to Plaintiff's Second Set of Interrogatories as follows:

### INTRODUCTION

UPS's Responses To Plaintiff's Second Set of Interrogatories are made in accordance with the applicable Federal Rules of Civil Procedure. In the event that any portion of the instructions and definitions contained in Plaintiff's Second Set of Interrogatories conflicts with the applicable federal rules, or attempts to impose requirements beyond those imposed by the applicable federal rules, the applicable federal rules and their requirements shall prevail. Where appropriate, Defendant may refer Plaintiff to Defendant's business records in response to interrogatories as provided for in Rule 33(d) of the Federal Rules of Civil Procedure.



EXHIBIT

8

Defendant's Responses To Plaintiff's Second Set of Interrogatories includes herein only the responses it is providing to Plaintiff's Second Set of Interrogatories.  All other responses provided to Plaintiff's First Set of Interrogatories remain unchanged and as previously provided.

## GENERAL OBJECTIONS AND CONDITIONS

A.     The information contained herein is not based solely upon the knowledge of the executing individual, but comes from various sources, including the knowledge of Defendant's agents, representatives and attorneys, unless privileged.  It represents the best information available at this time, but Defendant reserves the right to supplement or change its responses based on additional information which may become available to it. The word usage and sentence structure contained herein is that of the attorneys who prepared these responses, and said language does not purport to be the exact language of the executing individual.

B.     Some information may be responsive to more than one interrogatory.  Whenever such information is furnished in response to one interrogatory, that information also is being furnished in response to other pertinent interrogatories, although not specifically mentioned in the answers to those interrogatories.

C.     Discovery of Documents.  A variety of documents will be produced to Plaintiff by Defendant in response to Plaintiff's document requests.  To the extent that the interrogatories request Defendant to identify, index, summarize or report the contents of documents which will be produced, Defendant objects to the interrogatories because the discovery sought is unreasonably cumulative and duplicative, and because the information sought can be obtained in

a more convenient, less burdensome and less expensive manner by simply reviewing the documents themselves.

      D.      <u>Impropriety of Discovery Method</u>.  Any attempt by Defendant to interrogate all of its own employees or others on all matters raised in the interrogatories, and to summarize their responses, would be unreasonably time consuming and burdensome.  Defendant objects to the interrogatories to the extent that they purport to require Defendant to engage in such a task.

      E.      <u>Supplementation of Responses</u>.   Rule 26(e) of the Federal Rules of Civil Procedure governs the duty of a party to supplement responses to interrogatories.  To the extent that the interrogatories seek to vary or add to the requirements of Rule 26(e), Defendant objects. However, Defendant reserves the right to supplement or amend its responses should additional information called for by the interrogatories be discovered.

      F.      <u>Attorney-Client Privilege</u>.  Defendant objects to all of the interrogatories to the extent they seek discovery of information protected by the attorney-client privilege, the work product doctrine and/or other relevant privileges.

      G.      <u>Confidential Information</u>.  Defendant objects to Plaintiff's interrogatories to the extent they seek discovery of irrelevant, confidential, and/or personal information concerning employees and former employees not parties to this suit, as well as other confidential information relating to Defendant's business and operation.  If any such information is requested, and is relevant, Defendant may consider providing it in accordance with, and subject to, the entry by the Court of an appropriate Protective Order Regarding the Exchange and Use of Confidential Information.

H.    Irrelevant Information.    Insofar as these interrogatories seek documents or information outside of the work location within which Plaintiff was employed, Defendant objects to them as irrelevant and not likely to lead to the discovery of relevant information and as unduly burdensome.  Unless otherwise noted, Defendant's responses will be limited to the work location within which Plaintiff was employed: Metro 2000 Center located at 8440 Ardwick Ardmore Road, Landover, Maryland, 20785.

I.    Unless otherwise provided herein, any and all objections set forth herein are intended and should be understood to state a refusal by Defendant to provide any response beyond that set forth herein.

The foregoing General Objections are incorporated by reference into the following responses to each of the interrogatories.  The following responses are made subject to, and without waiving, the foregoing General Objections, as well as the specific objections stated below.

## RESPONSES TO PLAINTIFF'S SECOND SET OF INTERROGATORIES

**Interrogatory No. 10:**  State the correct spelling of the names, the home addresses, the telephone numbers, and the job titles of the following UPS employees:
Patricia Arline-Young
Mia Johnson
Jade' Kristen
Quatrice Pendleton
Faye Reyna
Carol "Cece" Richardson
Ty Williams

**Response to Interrogatory No. 10:**

Defendant objects to Interrogatory No. 10 to the extent that it calls for confidential information regarding employees who are not a party to this lawsuit.

Subject to and without waiving the foregoing objections, Defendant states as follows:

(1)     Patricia Arline-Young. Ms. Arline-Young is employed by UPS in the position of Full-Time Bid Air Driver. Ms. Arline-Young may be contacted through undersigned counsel for Defendant.

(2)     Mia Johnson-Lynch. Ms. Johnson-Lynch is employed by UPS in the position of Part Time Bid Air Driver. Ms. Johnson-Lynch may be contacted through undersigned counsel for Defendant.

(3)     Jade Kristden. Ms. Kristden is employed by UPS in the position of Part Time Pre-Load Supervisor. Ms. Kristden may be contacted through undersigned counsel for Defendant.

(4)     Quatrise Pendleton. Ms. Pendleton is employed by UPS in the position of Part Time Bid Air Driver. Ms. Pendleton may be contacted through undersigned counsel for Defendant.

(5)     Faith Reyna. Ms. Reyna is employed by UPS in the position of Part Time Bid Air Driver. Ms. Reyna may be contacted through undersigned counsel for Defendant.

(6)     Carol Richardson. Ms. Richardson was employed by UPS in the position of Full Time Combo Air Driver / Inside. Her last known address is 9470 Sea Breeze Court, North Beach, Maryland 20714. Her last known telephone number is 301-812-1892.

(7)     Tynette Williams.   Ms. Williams was employed by UPS in the position of Full

Time Combo Air Driver / Inside.  Ms. Williams may be contacted through undersigned counsel

for Defendant

**Interrogatory No. 11:**  State all that is known about the factual basis for the defenses
numbered 3, 7, 8, 10, 11, 12, 19 and 21 in your Answer to the Complaint.

**Response to Interrogatory No. 11:**  Defendant objects to Interrogatory No. 11 to the extent that

it seeks the production of information that is covered by the attorney-client privilege, the

attorney work product doctrine, or that is otherwise privileged or to the extent that it improperly

invades the mental impressions, conclusions, opinions and legal theories of Defendant's

attorneys.  Furthermore, Defendant objects to this Request to the extent that it seeks confidential

information.

Subject to and without waiving the foregoing objections, Defendant states as follows:

Under law, Plaintiff was required to file a charge of discrimination with the U.S. Equal

Employment Opportunity Commission ("EEOC") within 300 days of the events alleged in her

Complaint.

Plaintiff filed her charge of discrimination with the EEOC on or about September 4,

2007.  Plaintiff's EEOC Charge of Discrimination was based on the claim that Plaintiff requested

a light duty job assignment but UPS failed to grant her request for a light duty job.  There was no

claim that Plaintiff sought to work in her regular job as a delivery driver or that UPS prevented

her from returning to work in her regular job.

6

Plaintiff raises several new claims in her Complaint that were not included in her EEOC Charge of Discrimination.  In particular, she claims that she sought to work in her regular job as a delivery driver and that UPS prevented her from returning to work in her regular job.

More than 300 days have passed since the dates of the occurrences associated with these new claims.

Defendant has implemented a number of policies prohibiting violations of federal anti-discrimination laws, including, but not limited to, Title VII and the ADA.  These policies were in effect at all times during the period covered by Plaintiff's Complaint.

At all times during the period covered by Plaintiff's Complaint, Defendant took steps to promote, and educate its employees about, the above-referenced policies.

At all times during the period covered by Plaintiff's Complaint, Defendant acted in accordance, and in good faith, with the above-referenced policies, as concerns Plaintiff's request for a light duty work assignment.

On or about February 4, 2008, Plaintiff filed a lawsuit in the United States District Court for the Eastern District of Virginia (Civil Action No. 1:08CV105) against Defendant.  Plaintiff claimed, among other things, that Defendant's alleged failure to provide certain documents regarding UPS's medical and disability insurance plan resulted in the loss of Plaintiff's medical benefits from July 15, 2006, to June 23, 2007, causing her to suffer damages including "the denial of claimed benefits and distress."

On or about June 20, 2008, Defendant and Plaintiff entered into a settlement agreement under which Plaintiff agreed to dismiss her lawsuit against UPS.

As to objections:

_____

Emmett F. McGee, Jr.  (Federal Bar No. 08462)
Jill S. Distler (Federal Bar No. 26166)
Eric L. Sherbine (Federal Bar No. 28570)

DLA PIPER LLP (US)
6225 Smith Avenue
Baltimore, Maryland  21209-3600
*phone*  (410) 580-3000
*facsimile*  (410) 580-3001

*Attorneys for Defendant, United Parcel Service, Inc.*

Dated:  March 2nd, 2009

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 2nd day of March, 2009, a copy of the foregoing Defendant United Parcel Service, Inc.'s Responses to Plaintiff's Second Set of Interrogatories was sent via United States Mail, first-class, postage prepaid, to:

Sharon Fast Gustafson, Esquire
4041 North 21st Street
Arlington, VA  22207-3040

*Counsel for Plaintiff, Peggy Young*

Eric L. Sherbine
*Counsel for Defendant, United Parcel Service, Inc.*

11

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

PEGGY YOUNG

         **Plaintiff**

  **vs.**

UNITED PARCEL SERVICE INC.

         **Defendant**

**Civil Action No. DKC 08 CV 2586**

## DEFENDANT UNITED PARCEL SERVICE, INC.'S RESPONSES TO PLAINTIFF'S THIRD SET OF INTERROGATORIES

Pursuant to Federal Rule of Civil Procedure 33(b), Defendant, United Parcel Service, Inc. ("UPS" or "Defendant"), by its undersigned counsel, hereby responds to Plaintiff's Third Set of Interrogatories as follows:

### INTRODUCTION

UPS's Responses To Plaintiff's Third Set of Interrogatories are made in accordance with the applicable Federal Rules of Civil Procedure. In the event that any portion of the instructions and definitions contained in Plaintiff's Third Set of Interrogatories conflicts with the applicable federal rules, or attempts to impose requirements beyond those imposed by the applicable federal rules, the applicable federal rules and their requirements shall prevail. Where appropriate, Defendant may refer Plaintiff to Defendant's business records in response to interrogatories as provided for in Rule 33(d) of the Federal Rules of Civil Procedure. Defendant's Responses To Plaintiff's Third Set of Interrogatories includes herein only the responses it is providing to



EXHIBIT

9

Plaintiff's Third Set of Interrogatories.  All other responses provided to Plaintiff's First Set of Interrogatories and Plaintiff's Second Set of Interrogatories remain unchanged and as previously provided.

## GENERAL OBJECTIONS AND CONDITIONS

A.    The information contained herein is not based solely upon the knowledge of the executing individual, but comes from various sources, including the knowledge of Defendant's agents, representatives and attorneys, unless privileged.  It represents the best information available at this time, but Defendant reserves the right to supplement or change its responses based on additional information which may become available to it.  The word usage and sentence structure contained herein is that of the attorneys who prepared these responses, and said language does not purport to be the exact language of the executing individual.

B.    Some information may be responsive to more than one interrogatory.  Whenever such information is furnished in response to one interrogatory, that information also is being furnished in response to other pertinent interrogatories, although not specifically mentioned in the answers to those interrogatories.

C.    Discovery of Documents.  A variety of documents will be produced to Plaintiff by Defendant in response to Plaintiff's document requests.  To the extent that the interrogatories request Defendant to identify, index, summarize or report the contents of documents which will be produced, Defendant objects to the interrogatories because the discovery sought is unreasonably cumulative and duplicative, and because the information sought can be obtained in a more convenient, less burdensome and less expensive manner by simply reviewing the documents themselves.

D.    Impropriety of Discovery Method.  Any attempt by Defendant to interrogate all of its own employees or others on all matters raised in the interrogatories, and to summarize their responses, would be unreasonably time consuming and burdensome.  Defendant objects to the interrogatories to the extent that they purport to require Defendant to engage in such a task.

E.    Supplementation of Responses.  Rule 26(e) of the Federal Rules of Civil Procedure governs the duty of a party to supplement responses to interrogatories.  To the extent that the interrogatories seek to vary or add to the requirements of Rule 26(e), Defendant objects.  However, Defendant reserves the right to supplement or amend its responses should additional information called for by the interrogatories be discovered.

F.    Attorney-Client Privilege.  Defendant objects to all of the interrogatories to the extent they seek discovery of information protected by the attorney-client privilege, the work product doctrine and/or other relevant privileges.

G.    Confidential Information.  Defendant objects to Plaintiff's interrogatories to the extent they seek discovery of irrelevant, confidential, and/or personal information concerning employees and former employees not parties to this suit, as well as other confidential information relating to Defendant's business and operation.  If any such information is requested, and is relevant, Defendant may consider providing it in accordance with, and subject to, the entry by the Court of an appropriate Protective Order Regarding the Exchange and Use of Confidential Information.

H.    Irrelevant Information.  Insofar as these interrogatories seek documents or information outside of the work location within which Plaintiff was employed, Defendant objects to them as irrelevant and not likely to lead to the discovery of relevant information and as unduly

3

burdensome. Unless otherwise noted, Defendant's responses will be limited to the work location within which Plaintiff was employed: Metro 2000 Center located at 8440 Ardwick Ardmore Road, Landover, Maryland, 20785.

I. Unless otherwise provided herein, any and all objections set forth herein are intended and should be understood to state a refusal by Defendant to provide any response beyond that set forth herein.

The foregoing General Objections are incorporated by reference into the following responses to each of the interrogatories. The following responses are made subject to, and without waiving, the foregoing General Objections, as well as the specific objections stated below.

## RESPONSES TO PLAINTIFF'S THIRD SET OF INTERROGATORIES

**Interrogatory No. 12:** Identify all UPS employees who worked from UPS's Landover, Maryland facilities from January 1, 2003, through December 31, 2007, (including in your answer the race and job title of each person) who took short-term disability leave from UPS and state the dates of the leave.

### Response to Interrogatory No. 12:

Defendant objects to Interrogatory No. 12 on the ground that it is vague and inscrutable in that it is unclear what Plaintiff means by "UPS's Landover, Maryland facilities" and "short-term disability leave." Defendant also objects because the Interrogatory is overly broad, seeks irrelevant information and is unduly burdensome. In her Complaint, Plaintiff alleges that UPS wrongfully denied her request for an alternative light-duty assignment and refused to allow her to work in her current position. She further alleges that UPS enforces its policy regarding alternative light-duty assignments in a discriminatory fashion against White female employees.

4

There is no relevance between these allegations and the name, race, position, and address of every person who took "short-term disability leave" from "UPS's Landover, Maryland facilities" at any time over a four-year period. Defendant further objects to Interrogatory No. 12 on the ground that Plaintiff is simply engaged in a fishing expedition. Defendant also objects to Interrogatory No. 12 as irrelevant and not likely to lead to the discovery of relevant information to the extent that it seeks information regarding employees not subject to the Collective Bargaining Agreement that governed the terms and conditions of Plaintiff's employment with Defendant. In addition, Defendant objects to Interrogatory No. 12 to the extent that it seeks private and confidential information regarding employees who are not a party to this lawsuit.

As to objections:

Emmett F. McGee, Jr.  (Federal Bar No. 08462)
Jill S. Distler (Federal Bar No. 26166)
Eric L. Sherbine (Federal Bar No. 28570)

DLA PIPER LLP (US)
6225 Smith Avenue
Baltimore, Maryland  21209-3600
*phone*  (410) 580-3000
*facsimile*  (410) 580-3001

*Attorneys for Defendant, United Parcel Service, Inc.*

Dated:  March 5, 2009

6

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 5th day of March, 2009, a copy of the foregoing Defendant United Parcel Service, Inc.'s Responses to Plaintiff's Third Set of Interrogatories was sent via United States Mail, first-class, postage prepaid, to:

> Sharon Fast Gustafson, Esquire
> 4041 North 21st Street
> Arlington, VA 22207-3040
>
> *Counsel for Plaintiff, Peggy Young*

_____

Eric L. Sherbine
*Counsel for Defendant, United Parcel Service, Inc.*

7

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| PEGGY YOUNG | ) |
| | ) |
| v. | ) Civil Action No.: DKC 08 CV 2586 |
| | ) |
| UNITED PARCEL SERVICE, INC., | ) |

### PLAINTIFF'S SECOND REQUEST FOR
### PRODUCTION OF DOCUMENTS

Pursuant to Fed. R. Civ. P. 34, and L.R. 104, Plaintiff, by her undersigned attorney, requests that Defendants respond to this Request within the time prescribed by the Federal Rules of Civil Procedure, and produce the following documents for inspection and copying on the 4th day of March 2009, at the office of undersigned attorney for Plaintiff, or at such time and place as may be agreed upon by all counsel.

### INSTRUCTIONS AND DEFINITIONS

The Uniform Instructions and Definitions For Use in Discovery Requests are incorporated herein.

### STANDARD DOCUMENT REQUESTS

15.    The complete collective bargaining agreement(s) (including any related documents such as sideletters or memorandum of understanding) that was in effect for UPS employees in Plaintiff's bargaining unit at any time from January 1, 2006, through December 31, 2007.

Respectfully submitted,

Sharon Fast Gustafson
Attorney for Plaintiff
4041 North 21st Street
Arlington, Virginia 22207-3040
(703) 527-0147 telephone
(703) 527-0582 telefacsimile



**EXHIBIT**

11

## CERTIFICATE OF SERVICE

I certify that the foregoing Second Request for Documents was mailed to counsel for Defendants this 30th day of January 2009 at the following address:

Emmett F. McGee, Esquire
DLA Piper
The Marbury Building
6225 Smith Avenue
Baltimore, Maryland 21209-3600.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

PEGGY YOUNG

**Plaintiff**

vs.                                        Civil Action No. DKC 08 CV 2586

UNITED PARCEL SERVICE INC.

**Defendant**

## DEFENDANT UNITED PARCEL SERVICE, INC.'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Federal Rule of Civil Procedure 34(b), Defendant, United Parcel Service, Inc. ("UPS" or "Defendant"), by its undersigned counsel, hereby responds to Plaintiff's' First Request For Production of Documents and states as follows:

## PRELIMINARY STATEMENT

1.      The following responses (and any further objections or responses to these discovery requests or their subject matter) are made without waiver of, and with preservation of:

a.      All questions as to competency, relevancy, materiality, privilege, and admissibility of each response and the subject matter thereof as evidence for any purpose in any further proceedings in this matter (including the trial of this matter), and in any other lawsuit or proceedings, or that the discovery requests themselves are in any way reasonably calculated to lead to the discovery of admissible evidence;

**EXHIBIT**

_12_

b.    The right to object to the use of any response, or the subject matter thereof, on any ground in any further proceedings in this matter (including the trial of this matter), and in any other lawsuit or proceeding;

c.    The right to object on any ground at any time to a demand or request for the further response to these or any other discovery requests or other discovery proceedings involving or relating to the subject matter of the requests herein responded to; and

d.    The right at any time to revise, correct, add to, supplement, or clarify any of the responses contained herein.

2.    In the event that any portion of the instructions and definitions contained in Plaintiff's discovery requests conflicts with the Federal Rules of Civil Procedure, or attempts to impose requirements beyond those imposed by the applicable rules, the applicable rules and their requirements shall prevail.

3.    These responses are limited to properly discoverable facts pertaining to the allegations set forth in Plaintiff's pleadings.

4.    Except for specific evidence disclosed herein, no incidental or implied disclosure of evidence is intended hereby. The fact that Defendant responds to any specific discovery request herein should not be taken as an admission that Defendant accepts or admits the existence of any evidence, document, fact, thing, or legal argument set forth in or assumed by any such discovery request or that such response constitutes admissible evidence, unless specifically so stated in the response. The fact that Defendant responds to any discovery request herein shall not be construed to be a waiver of all or any part of any objections interposed by Defendant to any of the requests.

2

5.     Defendant United Parcel Service, Inc.'s Response To Plaintiff's First Request For Production Of Documents has been prepared pursuant to a reasonable and duly diligent investigation and search for the necessary information.

6.     Some documents may be responsive to more than one request. Whenever such documents are produced in response to one request, they also are being produced in response to other pertinent, non-objectionable requests.

7.     In accordance with Rule 26(e) of the Federal Rules of Civil Procedure, Defendant reserves the right to supplement or amend its responses to these Requests should additional non-objectionable and non-privileged information or documents called for by these Requests be discovered.

8.     The documents that Defendant is producing will be made available for inspection at DLA Piper LLP (US), The Marbury Building, 6225 Smith Avenue, Baltimore, Maryland 21209. Defendant will produce such documents at a time and location convenient to all counsel.

## **CONFIDENTIAL INFORMATION**

Defendant objects to producing any document that reflects trade secrets or confidential business information of Defendant or that reflects private or confidential information relating to other employees because the disclosure of that information could result in irreparable injury to Defendant's business or other employees. However, to the extent that the requests are not objected to on other grounds, Defendant will produce certain documents provided that the Court first issues a Protective Order protecting the confidentiality of the information reflected in the documents and prohibiting the use and disclosure of the documents and information for any purpose other than this lawsuit. To the extent that the requests are not objected to on other

3

grounds and the concerns regarding confidentiality and privacy can be addressed by redacting a portion of a document, Defendant will produce the document with the confidential or private information redacted.

## GENERAL OBJECTIONS AND CONDITIONS

1.     Defendant objects to these discovery requests to the extent that they require Defendant to make an unreasonable investigation to secure the information or documents necessary to respond to the discovery request.

2.     Defendant objects to each discovery request to the extent that it calls for the disclosure of information or the identification or production of documents subject to the protections of the attorney-client privilege, the work-product doctrine, or any other applicable privilege.

3.     Defendant has not completed its investigation of the facts relating to this case, and has not completed preparation for trial.  The following responses are based upon information presently available to Defendant and are made without prejudice to the right to utilize subsequently discovered facts or defenses or witnesses or documents or things or legal arguments.  Defendant reserves the right to supplement or amend its responses and production of documents.

4.     Insofar as these requests seek documents or information outside of the work location within which Plaintiff was employed, Defendant objects to them as irrelevant and not likely to lead to the discovery of relevant information and as unduly burdensome.  Unless otherwise noted, Defendant's responses will be limited to the work location within which

Plaintiff was employed: Metro 2000 Center located at 8440 Ardwick Ardmore Road, Landover, Maryland, 20785.

5.       Defendant objects to all of the requests to the extent they seek discovery of irrelevant, confidential, and/or personal information concerning individuals who are not parties to this suit, as well as other confidential information relating to Defendant's business and operation. If any such information is requested, Defendant may consider providing it in accordance with, and subject to, the entry by the Court of an appropriate Protective Order Regarding the Exchange and Use of Confidential Information.

6.       Defendant objects to each request on the ground that it is vague and inscrutable to the extent that it seeks documents and information regarding "the occurrence," which Plaintiff has not defined. For the purposes of these responses and unless otherwise noted, Defendant's responses will be limited to the "Occurrence", which Defendant defines as follows: (1) Plaintiff's request for a light-duty job assignment following the time she became pregnant in 2006; (2) Plaintiff's leave of absence from July 15, 2006 to June 26, 2007; and (3) what Plaintiff claims were limitations on her ability to work during that same period of time.

7.       Unless otherwise provided herein, any and all objections set forth herein are intended and should be understood to state a refusal by Defendant to provide any response beyond that set forth herein.

8.       Some documents may be responsive to more than one request. Whenever such documents are produced in response to one request, they also are being produced in response to other pertinent non-objectionable requests.

9.     If Defendant objects to a particular discovery request, either through its general objections or through a specific objection raised below, but nevertheless proceeds to respond to the discovery request in whole or in part, Defendant does not thereby waive its specific or general objections to the discovery request in question.  The following responses to the specific discovery requests are made subject to, and without waiving, the foregoing General Objections.

## SPECIFIC REQUESTS AND RESPONSES

Defendant incorporates the foregoing general objections and conditions into each and every response set forth below as if fully set forth therein.

**REQUEST NO. 1:**  All documents referred to in your Answers to Interrogatories.

**RESPONSE TO REQUEST NO. 1:**  Defendant will produce responsive documents.

**REQUEST NO. 2:**  All documents (including, but not limited to, correspondence, notes, memoranda, and journal entries) which relate to, describe, summarize, or memorialize any communication between you and plaintiff, or anyone known or believed by you to have been acting under the authority of plaintiff concerning the occurrence.

**RESPONSE TO REQUEST NO. 2:**  Defendant objects to this Request to the extent that it seeks the production of documents that are covered by the attorney-client privilege, the attorney work product doctrine, or that are otherwise privileged or to the extent that it improperly invades the mental impressions, conclusions, opinions and legal theories of Defendant's attorneys.  Furthermore, Defendant objects to this Request to the extent that it seeks confidential information.

6

Subject to and without waiving the foregoing objections, Defendant will produce non-privileged documents that describe, summarize, or memorialize any communication between UPS and Plaintiff or anyone acting under the authority of Plaintiff that relate to the Occurrence.

**REQUEST NO. 3:**  All documents (including, but not limited to, correspondence, notes, memoranda, and journal entries) which relate to, describe, summarize, or memorialize any communication between you and the Union of which Plaintiff was a member at times applicable to this matter, or anyone known or believed by you to have been acting under the authority of the Union concerning the occurrence.

**RESPONSE TO REQUEST NO. 3:**  Defendant objects to this Request to the extent that it seeks the production of documents that are covered by the attorney-client privilege, the attorney work product doctrine, or that are otherwise privileged or to the extent that it improperly invades the mental impressions, conclusions, opinions and legal theories of Defendant's attorneys.

Subject to and without waiving the foregoing objections, Defendant states that it is not aware of any non-privileged documents that describe, summarize, or memorialize any communication between Defendant and the Union of which Plaintiff was a member that relate to the Occurrence.

**REQUEST NO. 4:**  All documents (including, but not limited to, correspondence, notes, memoranda, and journal entries) which relate to, describe, summarize, or memorialize any communication between you and the Equal Employment Opportunity Commission or anyone known or believed by you to have been acting under the authority of the EEOC concerning the occurrence.

**RESPONSE TO REQUEST NO. 4:**  Defendant objects to this Request to the extent that it seeks the production of documents that are covered by the attorney-client privilege, the attorney work product doctrine, or that are otherwise privileged or to the extent that it improperly invades the mental impressions, conclusions, opinions and legal theories of Defendant's

attorneys. Furthermore, Defendant objects to this Request to the extent that it seeks confidential information.

Subject to and without waiving the foregoing objections, Defendant will produce non-privileged documents that describe, summarize, or memorialize any communication between Defendant and the EEOC regarding Plaintiff's August 9, 2007 Charge of Discrimination against UPS.

**REQUEST NO. 5:** All documents (including, but not limited to, correspondence, notes, memoranda, and journal entries) which relate to, describe, summarize, or memorialize any communication between you and any insurer related to an employment benefit plan of which Plaintiff was a participant at times applicable to this matter, or anyone known or believed by you to have been acting under the authority of the insurer concerning the occurrence.

**RESPONSE TO REQUEST NO. 5:** Defendant objects to this Request as irrelevant and not likely to lead to the discovery of relevant information and as unduly burdensome. The underlying EEOC Charge included no claim related to an employment benefit plan, and that, therefore, is not an issue in this case. Defendant also objects to this Request to the extent that it seeks the production of documents that are covered by the attorney-client privilege, the attorney work product doctrine, or that are otherwise privileged or to the extent that it improperly invades the mental impressions, conclusions, opinions and legal theories of Defendant's attorneys. Furthermore, Defendant objects to this Request to the extent that it seeks confidential information.

Subject to and without waiving the foregoing objections, Defendant states that it is not aware of any non-privileged documents that describe, summarize, or memorialize any communication between Defendant and an insurer that relate to the Occurrence.

8

**REQUEST NO. 6:** All documents concerning Defendant's calculations related to Plaintiff's claim for lost wages and lost short-term disability benefits.

**RESPONSE TO REQUEST NO. 6:** Defendant objects to this Request to the extent that it seeks the production of documents that are covered by the attorney-client privilege, the attorney work product doctrine, or that are otherwise privileged or to the extent that it improperly invades the mental impressions, conclusions, opinions and legal theories of Defendant's attorneys. Furthermore, Defendant objects to this Request to the extent that it seeks confidential information.

Subject to and without waiving the foregoing objections, UPS states that it has produced no calculations related to Plaintiff's claim for lost wages and lost short-term disability benefits and, therefore, has no non-privileged documents responsive to this Request.

**REQUEST NO. 7:** All insurance policies under which a person carrying on an insurance business might be liable to pay to you or on your behalf all or part of the damages sought in this action.

**RESPONSE TO REQUEST NO. 7:** Defendant states that it has no liability insurance policies under which an insurer might be liable to pay to UPS or on UPS's behalf all or part of the damages sought in this action and, therefore, Defendant has no documents responsive to this Request.

**REQUEST NO. 8:** All documents referred to in the Complaint and other pleadings, as the word "pleadings" is defined in F.R. Civ. P. 7(a).

**RESPONSE TO REQUEST NO. 8:** Defendant will produce all documents responsive to this Request, to the extent that such documents exist, for inspection and copying at a time and location convenient to all counsel.

**REQUEST NO. 9:** All documents internal to Defendant's organization which relate to, describe, summarize, or memorialize communication or decisionmaking related to the occurrence.

**RESPONSE TO REQUEST NO. 9:** Defendant objects to this Request to the extent that it seeks the production of documents that are covered by the attorney-client privilege, the attorney work product doctrine, or that are otherwise privileged or to the extent that it improperly invades the mental impressions, conclusions, opinions and legal theories of Defendant's attorneys. Furthermore, Defendant objects to this Request to the extent that it seeks confidential information.

Subject to and without waiving the foregoing objections, Defendant will produce non-privileged documents that describe, summarize, or memorialize Defendant's internal communication or decision-making relating to the Occurrence.

**REQUEST NO. 10:** All computer records and/or other documents that would tend to show the weight of the packages that plaintiff has delivered in her position as an early a.m. driver since her employment with UPS and the dates that those packages were delivered.

**RESPONSE TO REQUEST NO. 10:** Defendant objects to this Request as unduly burdensome, and also because it seeks irrelevant information and is not likely to lead to the discovery of relevant information, inasmuch as it refers to matters that were not raised in Plaintiff's EEOC Charge and, as a result, are not at issue in this case. Plaintiff's EEOC Charge of Discrimination was based on the claim that Plaintiff requested a light duty job assignment but UPS failed to grant her request for a light duty job. There was no claim that Plaintiff sought to work in her regular job as a delivery driver or that UPS prevented her from returning to work in her regular job. Accordingly, the nature of work in her regular job, including the weight of

packages that she delivered, is not at issue and is irrelevant. Defendant further objects to this Request to the extent that it seeks confidential information regarding Defendant's business operations.

**REQUEST NO. 11:** All computer records and/or other documents that would tend to show the weight of packages that the person making the deliveries that plaintiff would have made were she permitted to do so from October 11, 2006, to June 26, 2007, including the dates those deliveries were made.

**RESPONSE TO REQUEST NO. 11:** Defendant objects to this Request as unduly burdensome, and also because it seeks irrelevant information and is not likely to lead to the discovery of relevant information, inasmuch as it refers to matters that were not raised in Plaintiff's EEOC Charge and, as a result, are not at issue in this case. Plaintiff's EEOC Charge of Discrimination was based on the claim that Plaintiff requested a light duty job assignment but UPS failed to grant her request for a light duty job. There was no claim that Plaintiff sought to work in her regular job as a delivery driver or that UPS prevented her from returning to work in her regular job. Accordingly, the nature of work in her regular job, including the weight of packages that she delivered, is not at issue and is irrelevant. Defendant also objects to this Request because it calls for speculation; it is impossible to know what deliveries Plaintiff would have made on a particular day that Plaintiff did not work. Defendant further objects to this Request to the extent that it seeks confidential information regarding Defendant's business operations.

**REQUEST NO. 12:** All organizational charts for UPS from January 1, 2006, through December 31, 2007.

**RESPONSE TO REQUEST NO. 12:** Defendant objects to this Request as overly broad and unduly burdensome. Defendant further objects to this Request for reason that it seeks

production of documents that are not relevant to the subject matter involved in the action and are not reasonably calculated to lead to the discovery of admissible evidence.  For example, the Request is not limited to the work location at which Plaintiff worked during her employment with UPS.  Rather, it seeks the production of "[a]ll organizational charts for UPS" without any limitation, which would include work groups and geographical locations completely unrelated to Plaintiff's employment with UPS and her allegations and claims.  In addition, Defendant objects to this Request to the extent that it seeks documents containing confidential information regarding employees who are not a party to this lawsuit.

Subject to and without waiving the foregoing objections, Defendant refers Plaintiff to Defendant's Responses to Plaintiff's First Set of Interrogatories which identifies the employees who had supervisory or management responsibilities over Plaintiff's position in the Metro 2000 Center located at 8440 Ardwick Ardmore Road, Landover, Maryland, 20785, within the period of time beginning January 1, 2006 and ending December 31, 2007, including District Managers, District Operations Managers, Division Managers, Business Managers, and Supervisors.

**REQUEST NO. 13:**  All employee lists or telephone directories showing the employees employed at Plaintiff's worksite from January 1, 2006, through December 31, 2007.

**RESPONSE TO REQUEST NO. 13:**  Defendant objects to this Request as overly broad and unduly burdensome.  There is no conceivable relevance to the name or telephone number of every person who ever worked for UPS at any time over a two-year period at the work location where Plaintiff worked and the Request is clearly posed for the purposes of harassing UPS, and not for any legitimate purpose.  Defendant further objects to this Request to the extent that it

12

seeks private and confidential information regarding employees who are not a party to this lawsuit.

**REQUEST NO. 14:** All other documents not requested above that Defendant believes to be relevant to Plaintiff's claims or Defendant's defenses.

**RESPONSE TO REQUEST NO. 14:** Defendant objects to this Request to the extent that it seeks the production of documents that are covered by the attorney-client privilege, the attorney work product doctrine, or that are otherwise privileged or to the extent that it improperly invades the mental impressions, conclusions, opinions and legal theories of Defendant's attorneys.

Subject to and without waiving the foregoing objections, Defendant will produce relevant, non-privileged documents not produced in response to any of the previous Requests and relating to the Occurrence.

_____
Emmett F. McGee, Jr.  (Federal Bar No. 08462)
Jill S. Distler (Federal Bar No. 26166)
Eric L. Sherbine (Federal Bar No. 28570)

DLA PIPER LLP (US)
6225 Smith Avenue
Baltimore, Maryland  21209-3600
*phone*  (410) 580-3000
*facsimile*  (410) 580-3001

*Attorneys for Defendant, United Parcel Service, Inc.*

Dated:  January 20, 2009

14

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 20th day of January, 2009, a copy of the foregoing

Defendant United Parcel Service, Inc.'s Responses to Plaintiff's First Request for Production of

Documents was sent via United States Mail, first-class, postage prepaid, to:

> Sharon Fast Gustafson, Esquire
> 4041 North 21st Street
> Arlington, VA  22207-3040
>
> *Counsel for Plaintiff, Peggy Young*

_____

Eric L. Sherbine.
*Counsel for Defendant, United Parcel Service, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

PEGGY YOUNG

**Plaintiff**

**vs.**

**Civil Action No. DKC 08 CV 2586**

UNITED PARCEL SERVICE INC.

**Defendant**

### DEFENDANT UNITED PARCEL SERVICE, INC.'S RESPONSES TO PLAINTIFF'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Federal Rule of Civil Procedure 34(b), Defendant, United Parcel Service, Inc. ("UPS" or "Defendant"), by its undersigned counsel, hereby responds to Plaintiff's' Second Request For Production of Documents and states as follows:

### PRELIMINARY STATEMENT

1.     The following responses (and any further objections or responses to these discovery requests or their subject matter) are made without waiver of, and with preservation of:

a.     All questions as to competency, relevancy, materiality, privilege, and admissibility of each response and the subject matter thereof as evidence for any purpose in any further proceedings in this matter (including the trial of this matter), and in any other lawsuit or proceedings, or that the discovery requests themselves are in any way reasonably calculated to lead to the discovery of admissible evidence;

**EXHIBIT**

_13_

b.      The right to object to the use of any response, or the subject matter thereof, on any ground in any further proceedings in this matter (including the trial of this matter), and in any other lawsuit or proceeding;

c.      The right to object on any ground at any time to a demand or request for the further response to these or any other discovery requests or other discovery proceedings involving or relating to the subject matter of the requests herein responded to; and

d.      The right at any time to revise, correct, add to, supplement, or clarify any of the responses contained herein.

2.      In the event that any portion of the instructions and definitions contained in Plaintiff's discovery requests conflicts with the Federal Rules of Civil Procedure, or attempts to impose requirements beyond those imposed by the applicable rules, the applicable rules and their requirements shall prevail.

3.      These responses are limited to properly discoverable facts pertaining to the allegations set forth in Plaintiff's pleadings.

4.      Except for specific evidence disclosed herein, no incidental or implied disclosure of evidence is intended hereby.  The fact that Defendant responds to any specific discovery request herein should not be taken as an admission that Defendant accepts or admits the existence of any evidence, document, fact, thing, or legal argument set forth in or assumed by any such discovery request or that such response constitutes admissible evidence, unless specifically so stated in the response.  The fact that Defendant responds to any discovery request herein shall not be construed to be a waiver of all or any part of any objections interposed by Defendant to any of the requests.

2

5.      Defendant United Parcel Service, Inc.'s Response To Plaintiff's Second Request For Production Of Documents has been prepared pursuant to a reasonable and duly diligent investigation and search for the necessary information.

6.      Defendant's Responses To Plaintiff's Second Set Of Document Requests includes herein only the responses it is providing to Plaintiff's Second Set Of Document Requests. All other responses provided to Plaintiff's First Set Of Document Requests remain unchanged and as previously provided.

7.      In accordance with Rule 26(e) of the Federal Rules of Civil Procedure, Defendant reserves the right to supplement or amend its responses to these Requests should additional non-objectionable and non-privileged information or documents called for by these Requests be discovered.

## CONFIDENTIAL INFORMATION

Defendant objects to producing any document that reflects trade secrets or confidential business information of Defendant or that reflects private or confidential information relating to other employees because the disclosure of that information could result in irreparable injury to Defendant's business or other employees. However, to the extent that the requests are not objected to on other grounds, Defendant will produce certain documents provided that the Court first issues a Protective Order protecting the confidentiality of the information reflected in the documents and prohibiting the use and disclosure of the documents and information for any purpose other than this lawsuit. To the extent that the requests are not objected to on other grounds and the concerns regarding confidentiality and privacy can be addressed by redacting a

3

portion of a document, Defendant will produce the document with the confidential or private information redacted.

## GENERAL OBJECTIONS AND CONDITIONS

1.     Defendant objects to these discovery requests to the extent that they require Defendant to make an unreasonable investigation to secure the information or documents necessary to respond to the discovery request.

2.     Defendant has not completed its investigation of the facts relating to this case, and has not completed preparation for trial.  The following responses are based upon information presently available to Defendant and are made without prejudice to the right to utilize subsequently discovered facts or defenses or witnesses or documents or things or legal arguments.  Defendant reserves the right to supplement or amend its responses and production of documents.

3.     Unless otherwise provided herein, any and all objections set forth herein are intended and should be understood to state a refusal by Defendant to provide any response beyond that set forth herein.

4.     If Defendant objects to a particular discovery request, either through its general objections or through a specific objection raised below, but nevertheless proceeds to respond to the discovery request in whole or in part, Defendant does not thereby waive its specific or general objections to the discovery request in question.  The following responses to the specific discovery requests are made subject to, and without waiving, the foregoing General Objections.

4

## SPECIFIC REQUESTS AND RESPONSES

Defendant incorporates the foregoing general objections and conditions into each and every response set forth below as if fully set forth therein.

**REQUEST NO. 15:**  The complete collective bargaining agreement(s) (including any related documents such as sideletters or memorandum of understanding) that was in effect for UPS employees in Plaintiff's bargaining unit at any time from January 1, 2006, through December 31, 2007..

**RESPONSE TO REQUEST NO. 15:**  Defendant will produce the applicable collective bargaining agreement governing the terms and conditions of Plaintiff's employment with UPS from January 1, 2006, through December 31, 2007.

_____

Emmett F. McGee, Jr.  (Federal Bar No. 08462)
Jill S. Distler (Federal Bar No. 26166)
Eric L. Sherbine (Federal Bar No. 28570)

DLA PIPER LLP (US)
6225 Smith Avenue
Baltimore, Maryland  21209-3600
*phone*  (410) 580-3000
*facsimile*  (410) 580-3001

*Attorneys for Defendant, United Parcel Service, Inc.*

Dated:  March 5, 2009

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 5th day of March, 2009, a copy of the foregoing Defendant United Parcel Service, Inc.'s Responses to Plaintiff's Second Request for Production of Documents was sent via United States Mail, first-class, postage prepaid, to:

> Sharon Fast Gustafson, Esquire
> 4041 North 21st Street
> Arlington, VA 22207-3040
>
> *Counsel for Plaintiff, Peggy Young*

Eric L. Sherbine.
*Counsel for Defendant, United Parcel Service, Inc.*

7