IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

:
PEGGY YOUNG
                                  :

   v.                             :   Civil Action No. DKC 08-2586

                                  :
UNITED PARCEL SERVICE, INC.
                                  :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this employment discrimination matter is a motion for reconsideration (ECF No. 101) filed by Plaintiff Peggy Young. Because the issues have been fully briefed and no hearing is necessary, the court now rules. *See* Local Rule 105.6. For the reasons that follow, the motion for reconsideration will be denied.[1]

**I.   Background[2]**

Plaintiff Peggy Young first filed this suit on October 3, 2008. Later that month, Young amended her complaint to assert claims against only Defendants United Parcel Service of America,

---

[1] Young has also moved for leave to file a surreply to UPS's bill of costs. (ECF No. 111). The motion will be granted.

[2] The background of this case is discussed at greater length in the court's earlier memorandum opinion on summary judgment. *See Young v. United Parcel Serv., Inc.*, No. DKC 08-2586, 2011 WL 665321, at *1-7 (D.Md. Feb. 14, 2011), ECF No. 99.

Inc.[3] and United Parcel Service, Inc. ("UPS").  (ECF No. 4).  The amended complaint alleged violations of Title VII, the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.* ("ADA"), and Section 1981.  The claims largely concerned the treatment she allegedly received from UPS during the course of her pregnancy in late 2006 and early 2007.[4]

On July 31, 2010, UPS moved for summary judgment on all counts of the amended complaint.  (ECF No. 60).  After full briefing from the parties, including briefing that exceeded the standard page limits, UPS's motion was granted on February 14, 2011.  (ECF Nos. 99, 100).  Young moved on February 23, 2011 for partial reconsideration of that summary judgment order, contending that the earlier decision did not address one aspect of her ADA claim.  (ECF No. 101).  UPS opposed shortly thereafter; Young has also filed a reply.  (ECF Nos. 104, 109).

---

[3]   By stipulation of the parties, Defendant UPS of America, Inc. was dismissed on December 17, 2008.  (ECF No. 14).

[4]   Young attempted to file a second amended complaint in June 2009 that, among other things, tried to add a new disparate impact claim under the Pregnancy Discrimination Act.  Young contended that claim had already been pled in the first amended complaint.  (ECF No. 30, at 6).  The court disagreed and refused to allow her to add the new claim.  (ECF No. 43, at 15).

**II.   Analysis**

Young does not state which Federal Rule of Civil Procedure she relies upon in bringing her motion for reconsideration.  The court will construe it as a Rule 59(e) motion, as it was filed within the time limits for bring a Rule 59(e) motion and "call[s] into question the correctness of that judgment."  *MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 280 (4th Cir. 2008); *accord Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 471 n.4 (4th Cir. 2011); *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 411-12 (4th Cir. 2010).  Generally speaking, there are three limited grounds for granting a Rule 59(e) motion:  (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct clear error of law or prevent manifest injustice.  *See Sloas v. CSX Transp. Inc.*, 616 F.3d 380, 386 (4th Cir. 2010).  Such a motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment."  *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (quotation marks omitted)).  And, of course, "reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly."  *Id.* (quotation marks omitted).

Without saying so, Young would seem to rely on the third basis for Rule 59(e) relief – preventing "manifest injustice." In support, she contends that the court improperly overlooked one part of her ADA claim. In particular, Young says the court failed to address her claim that UPS refused to allow her to return to her regular job because it regarded her as disabled. This latest iteration of her ADA claim would seem to be yet another attempt to re-characterize the issues and arguments in this case. Her opposition to summary judgment framed her complaint as advancing two ADA-based claims: a medical inquiry claim and a failure to accommodate claim.[5] (*See* ECF No. 76-1, at 52 ("The first of the ADA issues . . ."); 53 ("The second ADA issue in this case. . .")). Nevertheless, Young insists that this argument is not new because her second claim - which on its face asserted only a failure to accommodate claim - actually comprised *two* claims, including a claim that UPS discriminated against Young in refusing to allow her to return to work. *But see Shin v. Univ. of Md. Med. Sys. Corp.*, 369 F.App'x 472, 479

---

[5] The complaint is little help, as Young does not separate out the various claims therein. *See, e.g., Young v. United Parcel Serv. of Am., Inc.*, No. DKC 08-2586, 2010 WL 1346423, at *6 (D.Md. Mar. 30, 2010) ("Plaintiff's complaint is not a model of clarity. . . . Plaintiff's first amended complaint . . . is not divided into separate counts or claims.").

4

(4th Cir. 2010) (distinguishing between failure to accommodate claims and denial of employment opportunity claims under the ADA). UPS responds that this new argument was not raised in the administrative process before the Equal Employment Opportunity Commission and, in any event, fails on its merits.

UPS is correct that no manifest injustice must be rectified here, as Young's argument fails on its merits. Although Young attempts to establish her claim via both direct evidence and the pretext framework, she has done neither.

<u>First</u>, Young has not presented direct evidence of discrimination. As the court recognized in its prior opinion, the ADA prohibits discrimination against "a qualified individual on the basis of disability." 42 U.S.C. 12112(a). Young argues (in a footnote argument) that there is direct evidence of disability-based discrimination. In particular, Young contends that UPS has now admitted that it sent her home because "it mistakenly believed her to be impaired and unqualified to perform *her job*." (ECF No. 109, at 14 n.9 (emphasis added)). Even if that were true, that fact is not direct evidence. There is a difference between being regarded as disabled – that is, being regarded as "substantially limited in a major life activity" - and being regarded as unable to a perform "a particular facet of a particular job." *Rohan v. Networks*

5

*Presentations LLC*, 375 F.3d 266, 277 (4th Cir. 2004) (quotation marks omitted); *see also Welsh v. City of Tusla, Okla.*, 977 F.2d 1415, 1419 (10th Cir. 1992) (listing cases establishing that "an impairment that an employer perceives as limiting an individual's ability to perform only one job is not a handicap under the [ADA]"); *accord Christensen v. Titan Distrib., Inc.*, 481 F.3d 1085, 1093 (8th Cir. 2007). The latter does not warrant relief under the ADA. At most, that is all that Young has established with her purported direct evidence.

<u>Second</u>, Young has not proven her case via the pretext framework. To prove a case of disability-based discrimination under that approach, an employee must show three elements: (1) that she has a disability, (2) that she is a "qualified individual" for the employment in question, and (3) that the employer took some adverse employment action against her because of her alleged disability. *EEOC v. Stowe-Pharr Mills, Inc.*, 216 F.3d 373, 377 (4th Cir. 2000). If the employer can summon a legitimate, non-discriminatory reason for the adverse action, the burden then shifts back to the employee to establish "that an employer's asserted non-discriminatory reason for the challenged employment action is actually a pretext." *Rowe v. Marley Co.*, 233 F.3d 825, 829 (4th Cir. 2000).

6

UPS has provided a legitimate explanation. The company maintains that it would not allow Young to work because she presented a doctor's note with a recommendation that she not lift more than 20 pounds. Because lifting was a central part of Young's job, the decisionmaker (*i.e.*, Carolyn Martin) determined that such a recommendation precluded Young from working at her regular job. "She then applied the standard policy applicable to off-duty injuries not otherwise dealt with in the [Collective Bargaining Agreement]." *Young*, 2011 WL 665321, at *14. UPS's explanation certainly amounts to a legitimate, non-discriminatory reason under the ADA. An employer is entitled to rely on a medical recommendation in making employment decisions. As Young herself recognizes, "regarded as" liability was created to combat the myths and stereotypes attached to those with disabilities. "[I]f a restriction is based upon the recommendations of physicians, then it is not based upon myths or stereotypes about the disabled." *Kozisek v. Cnty. of Seward, Neb.*, 539 F.3d 930, 935 (8th Cir. 2008); *see also, e.g.*, *Ruiz Rivera v. Pfizer Pharms., LLC*, 521 F.3d 76, 86 (1st Cir. 2008) ("[Plaintiff] may not rely exclusively on her employer's recognition or implementation of the restrictions imposed by her own physician to establish a regarded as claim."). Thus, because UPS has offered a legitimate, non-discriminatory reason

for its refusal to allow Young to return to work, Young must establish pretext. In other words, Young must summon "sufficient evidence from which a jury could conclude that [UPS] did make its employment decision based on [Young]'s status as disabled despite [UPS]'s proffered explanation." *Raytheon Co. v. Hernandez*, 540 U.S. 44, 53 (2003).

Young argues that decision to send her home because of the lifting recommendation must have been discriminatory because "Ms. Young had no limitations and . . . the medical provider imposed no restrictions."[6] (ECF No. 109, at 14 n.9). But Young never provided any medical evidence to UPS other than the initial note that included a lifting restriction. She did not obtain a second note from her midwife. She did not seek a medical opinion from any other medical provider that she was free to work. Instead, she attempted to put the onus on UPS to reach out to Young' medical provider, despite the rather clear language of the lifting restriction.[7] (ECF No. 109, at 18).

---

[6] Although Young argues that this is direct evidence, this argument is more appropriately considered a pretext argument that goes to the alleged falsity of UPS's proffered non-discriminatory reasons.

[7] It seems legitimate for UPS to read the letter from Young's midwife as a "restriction," notwithstanding Young's hyper-semantic distinction between "recommendation" and "restriction."

8

There is no case supporting the notion that an employer must question a medical provider's judgment and independently divine whether an employee is truly able to work.  Nor was UPS required to let Young work merely because she insisted she was able to. *Cf. Alexander v. Northland Inn*, 321 F.3d 723, 727 (8th Cir. 2003) (stating, where an employee presents a doctor's recommendation restricting her from performing an essential function, that "the employee's belief or opinion that she can do the function is simply irrelevant"); *Koshinkski v. Decatur Foundry, Inc.*, 177 F.3d 599, 602 (7th Cir. 1999) (finding employee did not state regarded as claim where doctors recommended that he not perform activities that were essential aspects of his job, despite employee's wish to return to work).

In an additional attempt to establish pretext, Young points to employee "E441" as evidence that UPS did not have a consistent policy of strictly adhering to doctor's recommendations.  In 2004, E441 apparently suffered an injury that forced her to miss work for medical reasons.  When she returned, the record suggests that she returned to light duty.  According to Young, E441 returned to work a few days later without a doctor's note clearing her for work.  (ECF NO. 109, at 14).

9

Young is correct that "pretext is commonly demonstrated with other employees who were similarly situated to the plaintiff." *Middleton v. Frito-Lay, Inc.*, 68 F.Supp.2d 665, 670 (D.Md. 1999).  But it would not appear that E441 is similarly situated.  For one, there is no indication in the record that E441 returned to work after her medical absence with any restriction (or limiting recommendation) on her ability to work.  Thus, E441 cannot serve as evidence that UPS will sometimes disregard a doctors' recommendation (ECF No. 109, at 16), as there were no relevant recommendations in that employee's case.[8] Moreover, Young has not established – or even alleged – that E441 was *not* a member of Young's protected class, *i.e.*, "disabled" or "regarded as disabled" individuals as defined in the ADA.  The absence of any such evidence is fatal to any inference of pretext.  If UPS regarded E441 as disabled and nevertheless treated her differently than Young, the difference in treatment would obviously *not* stem from a discriminatory animus towards the disabled.  *See Myers v. Hose*, 50 F.3d 278, 284 (4th Cir. 1995) (finding the plaintiff's "similarly situated"

---

[8]   E441 presented a doctor's note stating she was unable to work from September 27, 2004 to October 4, 2004, but there is no indication – and Young does not argue – that UPS disregarded that note and allowed the employee to work during that period.

10

argument "inapposite" because "all employees to whom [the plaintiff] compare[d] himself are also disabled").

Young cites several other pieces of "evidence" that do not require further discussion. It is enough to say that, at most, Young has "created only a weak issue of fact as to whether the employer's reason was untrue." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 148 (2000). In contrast, there is substantial evidence that UPS has a policy of not accommodating off-duty injuries and impairments, which the company applied in this case. Most importantly, the record is devoid of evidence that the decision to bar Young from working was motivated by an animus towards the disabled. "[T]he ADA was designed to assure that truly disabled, but genuinely capable, individuals will not face discrimination in employment because of stereotypes about the insurmountability of their handicaps." *Halperin v. Abacus Tech. Corp.*, 128 F.3d 191, 200 (4th Cir. 1997), *overruled on other grounds by Baird v. Rose*, 192 F.3d 462 (4th Cir. 1999). There is nothing indicating that those interests are at play here.

Accordingly, just like her earlier arguments, Young's argument newest argument lacks merit. No reconsideration of the earlier decision is necessary.

11

**III. Conclusion**

For the foregoing reasons, Young's motion for reconsideration will be denied.  A separate order will follow.

<pre>
                              _____/s/_____
                              DEBORAH K. CHASANOW
                              United States District Judge
</pre>