IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

PEGGY YOUNG                :
                           :
   v.                      :  Civil Action No. DKC 08-2586
                           :
UNITED PARCEL SERVICE, INC. :
                           :

**MEMORANDUM OPINION**

Presently pending and ready for resolution is a motion for review of the clerk's order of taxation filed by Plaintiff Peggy Young. (ECF No. 134).[1] The relevant issues have been briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, the motion will be denied.

I. **Background**

On February 14, 2011, summary judgment was granted in favor of Defendant United Parcel Service, Inc., and against Plaintiff Peggy Young. Plaintiff appealed to the United States Court of Appeals for the Fourth Circuit, which affirmed. *See Young v.*

---

[1] A petition for writ of certiorari is pending before the United States Supreme Court, No. 12-1226. It was filed on April 8, 2013, and the Court invited the Solicitor General to file a brief expressing the views of the United States on October 7, 2013. That brief has not yet been filed. In part because of the reporting requirements in 28 U.S.C. § 476, the court declines to wait any longer for resolution of the Supreme Court petition. Plaintiff is free to request a stay of execution pursuant to 28 U.S.C. § 2101(f). (*See* ECF No. 130).

*United Parcel Service, Inc.*, 707 F.3d 437 (4th Cir. 2013). Shortly after the appellate mandate issued, Defendant filed a renewed bill of costs, along with a supporting memorandum and exhibits, seeking taxation in the amount of $7,566.55, consisting of $7,482.95 for deposition transcript fees and $83.60 for copying costs. (ECF No. 126).[2] Plaintiff opposed the bill of costs, arguing that the deposition transcript fees were not "necessarily obtained for use in the case," as required by 28 U.S.C. § 1920(2). (ECF No. 131, at 1). The clerk disagreed and entered an order taxing costs in favor of Defendant in the full amount requested. (ECF No. 134).

On June 10, 2013, Plaintiff timely filed the pending motion for review of the bill of costs taxed by the clerk. (ECF No. 134). Defendant filed opposition papers on June 13. (ECF No. 135). Plaintiff did not file a reply.

**II. Standard of Review**

Pursuant to Federal Rule of Civil Procedure 54(d)(1), a district court may conduct a *de novo* review of the clerk's taxation of costs if a motion is served within seven days of the clerk's order. *See Fells v. Virginia Dept. of Transp.*, 605 F.Supp.2d 740, 742 (E.D.Va. 2009). The same rule gives rise to a presumption that the prevailing party in litigation will be

---

[2] The clerk denied Defendant's initial bill of costs without prejudice to renewal following issuance of the appellate mandate. (ECF No. 123).

awarded costs, and district courts have limited discretion to deny them:

> "[O]nly misconduct by the prevailing party worthy of a penalty . . . or the losing party's inability to pay will suffice to justify denying costs." *Congregation of The Passion, Holy Cross Province v. Touche, Ross & Co.*, 854 F.2d 219, 222 (7th Cir. 1988) (citations omitted); *see also Schwarz v. Folloder*, 767 F.2d 125, 131 (5th Cir. 1985) (describing the denial of costs as "in the nature of a penalty" (internal quotation marks and citation omitted)); *Serna v. Manzano*, 616 F.2d 1165, 1167 (10th Cir. 1980) (same). We have recognized additional factors to justify denying an award of costs, such as their excessiveness in a particular case, the limited value of the prevailing party's victory, or the closeness and difficulty of the issues decided. *See Teague* [*v. Bakker*], 35 F.3d [978, 996 (4th Cir. 1994)]. Although the losing party's good faith in pursuing an action is a "virtual prerequisite" to receiving relief from the normal operation of Rule 54(d)(1), that party's good faith, standing alone, is an insufficient basis for refusing to assess costs against that party.

*Cherry v. Champion Int'l Corp.*, 186 F.3d 442, 446 (4th Cir. 1999). Where, as here, the requested costs are permitted under 28 U.S.C. § 1920, the challenging party bears the burden of "show[ing] the impropriety of taxing [] costs." *Fells*, 605 F.Supp.2d at 742 (citing *Cofield v. Crumpler*, 179 F.R.D. 510, 514 (E.D.Va. 1998)).

## III. Analysis

Plaintiff primarily challenges the taxation of costs related to "15 deposition transcripts – [*i.e.*,] transcripts of two depositions of [Plaintiff], and transcripts of 13 other depositions." (ECF No. 131, at 1). Deposition transcripts are generally taxable pursuant to 28 U.S.C. § 1920(2), which states, "[a] judge or clerk of any court of the United States may tax as costs . . . [f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case[.]" Plaintiff cites *LaVay Corp. v. Dominion Federal Savings & Loan Ass'n*, 830 F.2d 522, 528 (4th Cir. 1987), for the proposition that "[a] district court should award costs when the taking of a deposition is reasonably necessary at the time of its taking." According to Plaintiff, Defendant's bill of costs is "improper under that standard" for a number of reasons. (ECF No. 131, at 1).

### A. Sharing Transcripts

Plaintiff purports to attach to her motion, but does not, an email sent by her counsel to defense counsel on or about May 31, 2010, proposing to share copies of a number of deposition transcripts "[i]n an effort to reduce litigation costs[.]" (*Id.* at 2). She asserts that Defendant did not respond to this proposal, which "would have resulted in [Defendant] receiving without any cost seven of the transcripts for which it now seeks

4

reimbursement," and argues that she "should not now be required to mitigate the expense that UPS incurred as the result of its own unwillingness to cooperate." (*Id*.).

As support for this argument, Plaintiff cites unpublished decisions of the Fourth Circuit, *N.L.R.B. v. Communication Workers of America, AFL-CIO*, 818 F.2d 29, 1987 WL 37765 (4th Cir. 1987), and Tenth Circuit, *United Transp. Union Local 1745 v. City of Albuquerque*, 352 Fed.Appx. 227, 231 (10th Cir. 2009). Neither case supports her position.

In *Communication Workers*, 1987 WL 37765, at *2, the court upheld a decision of the National Labor Relations Board finding that a union's refusal to participate in cost-sharing related to transcript preparation constituted an unfair labor practice, but that decision was based on "implied terms in the parties' collective bargaining agreement." *Id*. More specifically, the court explained, "[the union's] consistent participation in the process of preparation, use and cost-sharing of arbitration transcripts over more than thirty years implies its assent to that process as a component of[] the collective bargaining agreement's express requirement that the parties share the cost of arbitration proceedings." Thus, the union's "unilateral departure from those procedures while the agreement was in force constituted an unfair labor practice." *Id*. No such implied agreement is presented here.

The facts presented in *City of Albuquerque* are also readily distinguishable. There, a dispute over payment for a hearing transcript arose when the defendant ordered and received the transcript from a court reporter and the plaintiffs obtained a free copy through a public information request. When the defendant complained, the district court ordered the plaintiffs to pay the court reporter for the transcript. The Tenth Circuit reversed, finding "no authority to justify requiring plaintiffs . . . to pay a fee to a court reporter for a transcript copy the reporter did not make, but, rather, that they legally obtained from another source by independent means." *City of Albuquerque*, 352 Fed.Appx. at 230. The court cited "a line of cases holding that transcripts independently accessed (such as by simply requesting the case file from the court clerk) may be viewed and copied as an alternative to purchasing a copy from the court reporter." *Id*. at 231. While this case supports the notion that parties might lawfully be able to access transcripts without paying additional court reporter fees in some circumstances, it does not support Plaintiff's position that she is, in essence, entitled to an offset due to Defendant's refusal to share.

Defendant points out that court reporters are entitled to fees for recording and transcribing depositions. Indeed, Judicial Conference policy accommodates such an interest in

6

transcripts of court proceedings filed with the court by limiting the right to obtain a copy for the first ninety-day period. *See* Guide to Judiciary Policy, Chapter 5: Transcripts § 560.60. The parties have not provided information about any contractual obligation to pay the court reporter for copies, or any contractual limitation on making copies for each other. Nevertheless, it is typical that the court reporter be paid by each party receiving a copy of a transcript. Certainly, as Defendant argues, "there is no legal authority for a court to require parties to cooperate in this manner." Plaintiff counters that "UPS cites no authority holding that parties may not choose to cooperate in this manner." (ECF No. 134, at 2-3). Defendant, however, will not be penalized for declining Plaintiff's request.

Rule 54(d)(1) "creates a presumption that costs are to be awarded to the prevailing party," and it is Plaintiff's burden to "overcome [that] presumption" by showing that "there would be an element of injustice in a presumptive cost award." *Cherry*, 186 F.3d at 446. There is no inherent injustice in Defendant's decision not to share deposition transcripts with Plaintiff – to the contrary, it is the norm that both parties pay the costs associated with deposition transcripts they believe to be "reasonably necessary" to prove their case. *LaVay Corp.*, 830 F.2d at 528. Indeed, "[t]he general rule, established expressly

by the Federal Rules of Civil Procedure, is that a party must obtain copies of deposition transcripts directly from the court reporter upon the payment of a reasonable charge, and not from opposing counsel or the court." *Schroer v. United States*, 250 F.R.D. 531, 537 (D.Colo. 2008). Plaintiff has not shown that Defendant's adherence to this general rule justifies an offset in taxable costs.

**B. Length of Deposition**

Plaintiff next asserts, in purely conclusory fashion, that Defendant "induced [her] to agree to have her deposition extend to as long as 10 hours . . . [and] then insisted on using almost a full 10 hours solely for its direct examination." (ECF No. 134, at 3). On that basis, she contends, "[i]t is most inappropriate that UPS asks the Court to punish Plaintiff for her accommodation by making her pay for its unduly lengthy transcript." (*Id.*).

The record reflects that the parties stipulated that "no single deposition [would] exceed ten (10) hours" (ECF No. 13 ¶ 2), and Plaintiff does not challenge Defendant's assertion that her own counsel conducted at least one deposition lasting that long. Insofar as Plaintiff argues that her deposition was unnecessarily extended by Defendant, she offers no evidence in support, and her opinion, by itself, is insufficient to carry her burden on the instant motion.

8

### C. Deposition of Defendant's Employees

Plaintiff further asserts that thirteen deponents were UPS employees and that Defendant "could talk to the thirteen [employees] all it wanted, without the expense of deposing them." (ECF No. 134, at 3). Thus, according to Plaintiff, Defendant's deposition of these witnesses "was a luxury" that she "should not have to subsidize." (*Id*.). Defendant attaches notices of depositions to demonstrate that "it was [Plaintiff], not UPS, who actually deposed ten of the thirteen deponents." (ECF No. 135, at 9; ECF No. 135-1). As to the other three deponents, Defendant asserts that they were no longer employed by UPS at the time of their depositions; thus, Defendant "had no control over them." (ECF No. 135, at 10). Plaintiff has not challenged these assertions or presented any evidence in rebuttal. Accordingly, she has failed to meet her burden with respect to this argument.

### D. Compelled Deposition

Next, Plaintiff argues that Defendant "refused" her request to interview four witnesses informally, thereby unnecessarily compelling her to conduct depositions. (ECF No. 134, at 3). There appears to be no dispute, however, that one of those deponents was a UPS supervisor, as to whom contact with Plaintiff's counsel outside the presence of defense counsel would have been improper, and that the other three were

9

bargaining unit employees over whom Defendant had no control. Plaintiff's argument that it would be "most unjust" for taxation of costs associated with these transcripts is, therefore, unpersuasive. (ECF No. 134, at 4).

   **E. Unnecessary Transcripts**

According to Plaintiff, Defendant did not utilize the depositions of three deponents in its motion for summary judgment; thus, it "did not *need* the transcripts" and she should not be taxed for their cost. (*Id.* (emphasis in original)). While there is case law supporting that depositions not used at trial or to support a dispositive motion are not recoverable, *see Wyne v. Medo Indus., Inc.*, 329 F.Supp.2d 584, 589 (D.Md. 2004), the "Fourth Circuit has not made the use of a transcript in a dispositive motion the test of whether the costs are taxable," *Schwarz & Schwarz of Virginia, LLC v. Certain Underwriters at Lloyd's*, No. 6:07-cv-00042, 2010 WL 452743, at *6 (W.D.Va. 2010) (quoting *Ferris v. AAF-McQuay, Inc.*, No. 5:06-cv-00082, 2008 WL 495656, at *1 (W.D.Va. Feb. 21, 2008)); *see also Levy v. City of New Carrolton*, Civ. No. DKC 06-2598, 2012 WL 909215, at *2 (D.Md. Mar. 15, 2012) ("It is not necessarily fatal to taxation that the depositions were not introduced or otherwise used").

Plaintiff does not challenge Defendant's assertion that it was she who deposed the three witnesses in question and that two

of them were Defendant's Rule 30(b)(6) designees. Under the court's Guidelines for Bills of Costs, "[t]o be taxable, a transcript cost, including copies of transcripts, must be necessarily obtained for use in the case and reasonably necessary at the time of its taking." *See* Guidelines for Bills of Costs § II(D)(1) (3d Ed. June 2013) (internal marks and citations omitted). Included in the list of "most commonly taxable court reporter fees" is a "[t]ranscript of deposition of a party to the case" and the "cost of copies of transcripts of an opposing party's noticed depositions." *Id*. at §§ II(D)(1)(c) and (k). Despite the fact that this testimony may not have been utilized by Defendant in its motion for summary judgment, Plaintiff has not shown that the cost for copies of these transcripts was not reasonably necessary at the time it was incurred.

**F.  Ability to Pay**

Finally, Defendant contends that she is "unable to pay even all of her own costs incurred in this litigation, much less UPS's costs," and that it would be inequitable to tax costs against her considering that Defendant "has assets of $38 billion[.]" (ECF No. 134, at 5). In support of her opposition to the renewed bill of costs, Plaintiff submitted a declaration setting forth her income and monthly expenses (ECF No. 131-1), upon which she relies in the instant motion.

Having commenced and vigorously prosecuted this action, in this court and others, over the course of several years, Plaintiff's claims that she is now unable to pay the bills she voluntarily incurred is not particularly compelling. Although her declaration demonstrates that she has significant monthly financial obligations, it also shows that she earns a monthly net income in excess of $3,000 and that she has assets capable of liquidation, if necessary. Thus, it is not the case that Plaintiff is unable to pay the taxable costs; rather, it is simply that requiring her to pay would pose a substantial burden. The risk of that burden, however, is one that Plaintiff freely assumed and that she should not now be permitted to avoid when the outcome of the litigation was not what she had hoped. Moreover, the court may not consider "the parties' comparative economic power," as Plaintiff requests, because "[s]uch a factor would almost always favor an individual plaintiff . . . over her employer defendant" and "the plain language of Rule 54(d) does not contemplate a comparison of the parties' financial strengths." *Cherry*, 186 F.3d at 448.

In sum, the court will decline to exercise its discretion to deny taxable the costs properly assessed by the clerk.

**IV. Conclusion**

For the foregoing reasons, Plaintiff's motion for review of the clerk's order of taxation will be denied. A separate order will follow.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge